In the United States District Court
For The District of Nebraska

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 OCT -2  AM 10: 27
OFFICE OF THE CLERK

United States of America,
Plaintiff,

vs

Levi McAlvey,
Defendant

4:25 CR 3056

Motion to Dismiss
Due to Speedy Trial
Violation (Act) 18
§ 3161 (c)(1)

RECEIVED
OCT - 2 2025
CLERK
U.S. DISTRICT COURT

Here comes the Defendent pro-se in a self-representing compasity here by moves the United States District Court to Dismiss criminal case 4:25CR3056 with predjudece Due to a Speedy trial Violation (Act) 18 § 3161 (c)(1).

The District Court erred in granting the governments court appointed counsel or the governments motion to contenue, and excluding the delay from the Defendents Speedy trial Act (Act) 18 U.S.C. § 3161. Had this time from that contenuence not been excluded from Defendents Speedy trial clock calculation more than 70 days would have elapsed since Defendents first appearence and indictment in Violation of § 3161 (c)(1).

Filing date 6-9-25 at 2:45pm with the US District Court District of Nebraska. The

Defendent was arrested on 6-11-25 at 12:15 pm and booked in to Dawson county jail where he has remained in custody.

Speedy-Trial calculation starting on 6-12-25 counting forward 70 days and then backing up 1 day falls on 8-21-25 at 12:15 pm would be the deadline in witch to being the defendant to trial. With todays date well exeeding that deadline in Violation of Speedy-trial {Act} 18 §3161(c)(1). The Defendent moves this court to dismiss criminal case 4:25 CR 3056 with prejudece.

September 29, 2025

*[signature]*
Defendent pro-se
P.O. Box 911 Wilber Ne
68465
Saline County Jail

*[signature]*

Christina Stahl
September 28, 2025

State of Nebraska – General Notary
CHRISTINA STAHL
My Commission Expires
November 16, 2026

1) A criminal defendants trial must commence within 70 days after he or she is charged or makes an initial appearance.

- The 6th Amendment guarantees "in all criminal prosecutions the accused shall enjoy the right to a speedy trial" U.S const. amend VI. The 6th Amendment right "Attaches at the time of arrest or indictment which ever comes first and continues until the trial commences United States v Perez-Perez, 337 F.3d 990, 995, (8th cir 2003)

- The Supreme court has noted that a literal reading of the Amm suggests that this right attaches when a formal criminal charge is instituted and a criminal prosecution begins"
US v MacDonld, 456 US 1, 6, 102 S.ct, 1497 1500 71 L.Ed2d 696 (1982).

However there is language in a number of cases suggest that the arrest is sufficient in itself to trigger the speedy trial right. See MacDonld 456 US at 6-7, 102 S.ct at 1500-1501; Dillingham v US 423 US 64, 94 S ct. 303 46 L.Ed2d 205 (1975); US v Marion 404 US 307, 321, 92 S.ct 455, 463, 30 L.Ed2d 468 (1971); US v Rogers 639 F.2d 438 440 {8th cir 1981}

- Closer analysis shows that an arrest triggers the Speedy trial right only where it is the beginning of continuing restraints on defendent's liberty.

Pg 2

2) The defendant was indicted on 6·9·25 at 2:15 pm he then was arrested on 6·11·25 and booked in to the Dawson County Jail at 12:15 pm. Counting forward 70 days from 6·12·25 at 12:15 pm then backing up 1 day brings the deadline to bring the defendant to trial 8-21-25 at 12:15 pm.

- If the defendant is not brought to trial within the strict time limits required by 18 USC. § 3161(c) the information or indictment shall be dismissed on motion of the defendant. Id § 3161(a)(2)

3) To toll the speedy trial clock for the "ends-of-justice," the district courts ruling and record clearly must reflect adequate grounds for the tolling. See Zedner v United States _ US_ 126 S ct 1976, 1989-90, 164 L.Ed 749 (2006) {concluding "if a judge fails to make the requisite findings regarding the need for an "ends-of-justice" continuance, the delay resulting from the continuance must be, and if as a result the trial does not begin on time, the indictment .... must be dismissed with prejudice"}. US v Suarez-Perez 484 F.3d 537 (8th cir 2007). US v Titlbach, 339, F.3d 692, 698 (8th cir 2003) United States v Perez-Perez, 337 F.3d 990, 995 (8th cir 2003) United States V Salgado, United States v Johnson (8th cir 2021) 991 F.3d 1008 United States v. Huston, 8:22-cr-00087 (D. Neb. 2025)

- The Supreme Court has cited with apparent approval

the provisions of the A.B.A.'s speedy trial standard that the speedy trial should be triggered "the date the charge is filed except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date he was held to answer". Marion, 404 US at 321 n.12, 92 S. ct. at 463 n.12. See Dillingham, US Palmer, 502 F.2d 1233 (5th cir 1973); Rogers 639 F.2d 438 this circuit and others.

4). The government appointed the defendant a public defender Korey Reman in which stripped him of this 6th Amendment Constitutional right by filing a motion to continue 4:25-cr-03056-SMB-JMD Doc #17 filed: 07/01/25 pg ID #31 for pretrial motions for 45 days.

- The Defendant didn't meet Korey Reman until 7.9.25 before the telephone conference so it would be impossible for the defendant to have asked for this continuance.

- The defendant told Korey Reman not to ever continue his court because he values his 6th amm this court appointed attorney lied to him on the first phone call saying he will not file any

contenuence (but already has filed) one a week erlier. This contenuence can not be counted against the Defendent, being he instructed the governments court appointed attorney not to contenue his court proceedy because the defendent always exersises his 6th Amm

5) Our 6th Amendment to the US Constitution does not say that I will be appointed a attorney that will file a contenuence before meeting me in order to be a "affectice Counsel" striping me of my 6th amm right, and it defenitly does not say the government's court appointed attorney will choose for you to wave your rights to a speedy trial because he wont be an affective counsel within the strided time frame of the 6th amendment guarenty.

- If the courts where to allow this contenuence to count against the defendent it would be extremly bias, and prejudicual for my constitutional right to be stripped from me before even meeting the court appointed attorney.

- That contenuence is prejudicial to the defendent and with out it being excluded from the Speedy trial clock act (18) § 3161(c) 70 days would have elapsed. It would not be for the "ends-of-justice" these court personal has swoen to a oath to uphold the constitution not to strip there clients of it.

the public has the same right to see the defendant tried in the strictest time frame that the speedy trial act requires.

The speedy trial act requires the defendant move for dismissal with prejudice before trial based on a alleged violation 18 U.S.C. § 3162(a)(2) US Jones, 795 F.3d 291, 798 (8th cir 2015) {holding that a pro-se defendant who "suggested that he did not want his case continued" and that his attorney did not "keep [his] trial within the fast and speedy trial clause" waived his speedy trial act claim.

~This is not a suggestion. This is the defendant pro-se fully and evocatively exercising his 6th Amm Contesting the Court appointed counsels continuance.

~The government shall not be clocked or protected an be able to rely on section 29-1207(4)(F) RRS 1943 in excluding these 45 days continuance made by the counsel the government gave the defendant. That would be incredibly prejudicial to the defendant. The government is responsible for this delay and any other delays there after as it being "A deliberate attempt to delay the trial in order to hamper the defense, should be weighed heavily against the government. Doggett, 505 US at 652, United States v. Jackson (D.Neb. 2005) US v. Jesse Stewart (8th cir 2010)

~ This "delay" to go over 1:45 min of "video and evidence" is extremely long. The counsel could have watched this evidence 500 times over this 45 day continuance but should have watched it within the 70 day limit required by law. He swore to a oath to uphold the constitution as does all court personal and to not alow a misscarage of justice to accure.

~ The 6th amendment to the US constitution is a two tone amendment, I don't have to choose witch one I want I get both a affective counsel & a speedy trial and the "affective counsel can't state that he can't be affective unless he gets more time that disrespects the constitution and every thing written in it. Our fore fathers have fought and died for these constitutional amendments to be enforced against the government and for proud American's to have the privlige to enheret at birth.

Hereby, the defendent moves this court to dismiss with prejudice criminal case 4:25 CR 3056 due to Speedy trial Violation Act 18 USC §3161 et sy. States v Johnsen 977 F.2d. 1283 (8th cir 1992), this act requires the defendent

Within 70 days from the defendants arrest.
See US Jones 995 F.3d 791, 798 (8th cir 2015)
United States v. Little John (8th cir 2020).

September 29, 2025

Defendant pro-se
PO Box 911 Wilber Ne
68465
Saline County Jail

Christina Stahl
September 28, 2025

State of Nebraska – General Notary
CHRISTINA STAHL
My Commission Expires
November 16, 2026

Saline County Law Enforcement Center
From Inmate: _Sean Malleey_
P.O. Box 911
Wilber, NE 68465
* Inmate Mail Uncensored *

Roman L. Hruska Federal courthouse
Clerk of the Court
111 S 18th Plaza
1152 Omaha Ne
68102

68102-132277

