IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:25CR3056 |
| vs. | |
| LEVI MCALVEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's Motion to Dismiss Due to Speedy Trial Violation (Filing No. 52), the Magistrate Judge's Findings and Recommendation (Filing No. 54) recommending the Court deny that motion, and the defendant's objection to the Findings and Recommendation. (Filing No. 55). The Court will overrule the objection, adopt the Findings and Recommendation, and deny the motion.[1]

**BACKGROUND**

The defendant was indicted on June 9, 2025 and made his initial appearance on June 13, 2025. (Filing No. 1; Filing No. 10). At the initial appearance, the Magistrate Judge set the pretrial motion deadline for July 3, 2025 and a status conference by telephone for July 9, 2025. (Filing No. 10; Filing No. 14.)

On July 1, 2025, the defendant's counsel filed an unopposed motion to continue the pretrial motion deadline and the telephone conference. (Filing No. 17). The defendant's counsel indicated he needed additional time to review discovery and meet with the defendant. (Filing No. 17). The

---

[1] Because this is a dispositive matter, the Court has reviewed the Findings and Recommendation de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 72(c); *United States v. Balderrama-Marquez,* 2025 WL 100785, at *1 (D.S.D. Jan. 15, 2025).

Magistrate Judge granted the motion to continue and re-set the telephone conference for August 21, 2025. In her order, the Magistrate Judge specifically found that the ends of justice would be served by granting the continuance, that counsel had been diligent, but additional time was needed to adequately prepare the case and failing to grant additional time might result in a miscarriage of justice. (Filing No. 22). The Magistrate Judge found that the time between July 1, 2025 and August 21, 2025 should be excluded from any computation of time under the Speedy Trial Act. (Filing No. 22).

During the August 21, 2025 telephone status conference, the Magistrate Judge set this case for a jury trial on September 22, 2025. (Filing No. 31; Filing No. 32). On August 22, 2025, the government filed a motion to continue the trial due to an essential witness being out of the district and unavailable for trial the week of September 22, 2025. (Filing No. 34). The government indicated in its motion that the lab analyst for the controlled substances, also an essential witness, was unavailable the week of September 29, 2025. (Filing No. 34). The defendant's counsel objected to the government's motion. (Filing No. 35). The Magistrate Judge set the matter for a telephone conference on August 25, 2025. (Filing No. 36). During the telephone conference, several new trial dates were discussed but either the government's essential witnesses were unavailable, or the dates were not workable for defense counsel. (Filing No. 38).

After the conference, the Magistrate Judge granted the government's motion for a continuance. (Filing No. 38). The Magistrate Judge found that the ends of justice would be served by granting the continuance. She found that an essential witness was unavailable for the current trial date and proposed trial dates during the call, and defense counsel needed a continuance from the October 14, 2025 suggested trial date so the defendant could have continuity of counsel and to give defendant the reasonable time necessary to prepare for trial. (Filing No. 38). The Magistrate Judge further found that failure to grant each of the continuances addressed in her order would result in a miscarriage of justice. Trial was re-set for October 27, 2025, and the Magistrate Judge excluded the time from the date of her order, August 25, 2025, to the new trial date, October 27, 2025, in any computation of time under the Speedy Trial Act.[2] (Filing No. 38).

---

[2] Two of the orders granting continuances provided that failure to timely object to the order under the court's local rules will be deemed a waiver of any right to later claim the time should not

**DISCUSSION**

The Court agrees with the Magistrate Judge's conclusion that there has been no violation of the Speedy Trial Act. The Speedy Trial Act requires that the trial begin within 70 days after a defendant is charged or makes an initial appearance, whichever date is later, unless the running of the time is stopped for reasons set out in the statute. 18 U.S.C. § 3161; *see United States v. Adejumo*, 772 F.3d 513, 521 (8th Cir. 2014).

In his objection, the defendant argues the reasons stated in defense counsel's July 1, 2025 motion (Filing No. 17) did not rise to the level of a potential "miscarriage of justice." The Court disagrees. The case was just seventeen days old and defense counsel had not even met with the defendant when the motion was filed. (Filing No. 55 at 2). Additional time was needed to adequately prepare the case. This Court finds that this time was properly excluded from the speedy trial clock. *See United States v. Adejumo*, 772 F.3d 513, 521 (8th Cir. 2014) ("Among the statutorily approved reasons for days to be excluded from the speedy-trial calculation is an 'ends-of-justice' continuance[.]") (citing 18 U.S.C. § 3161(h)(7)(A)). The Magistrate Judge found the ends-of-justice would be served by granting the continuance and made the detailed findings necessary to support this conclusion. *United States v. Porchay*, 651 F.3d 930, 938 (8th Cir. 2011).

The defendant suggests exclusion of that time for his then-counsel to review discovery was not "necessary," citing *United States v. LaDeaux*, 152 F.4th 900 (8th Cir. 2025). But that case is of no help to him. There, the Eighth Circuit *affirmed* the district court's denial of a motion to dismiss on speedy trial grounds after it excluded time, in part, because of co-defendants' "counsel's statements that they needed more time to review discovery." *Id.* at 902. The exclusion of time from July 1, 2025 to August 21, 2025 was appropriate.

The defendant argues that the time between "August 25, 2025 and October 2[7], 2025" should count against the speedy trial clock because that continuance "was based on witness unavailability," which, in his view, is not enough. (Filing No. 55 at 5). The defendant is wrong. The Magistrate Judge excluded that time on three valid grounds. First, because one of the government's "*essential* witness[es] [was] unavailable" for two proposed trial dates in September. (Filing No. 38) (emphasis added). *See* § 3161(h)(3)(A). Second, his own attorney requested a

---

have been excluded under the Speedy Trial Act. (Filing No. 22 at 1; Filing No. 49 at 1-2). No objection was made to either order.

continuance of the proposed trial date of October 14, 2025 because he could not be prepared for trial then, so a continuance was required to provide continuity of counsel and to give defense counsel reasonable time necessary to prepare for trial. (Filing No. 38). *See* §§ 3161(h)(7)(A); (B)(iv). Third, because failing to grant the continuance "would result in a miscarriage of justice." (Filing No. 38). *See* § 3161(h)(7)(A). Again, the Magistrate Judge found, among other things, that the ends of justice would be served by granting the continuance and made the detailed findings necessary to support that conclusion. *Porchay,* 651 F.3d at 938. The Magistrate Judge's finding that August 25, 2025[3] until the new trial date of October 27, 2025 should be excluded in any computation of time under the Speedy Trial Act was warranted.[4]

In sum, none of the defendant's objections have merit. Only seventeen days have run on the speedy trial clock. The Magistrate Judge correctly found as much. (Filing No. 54 at 7). There was therefore no violation of the Speedy Trial Act.

The same is true of the defendant's constitutional right to a speedy trial. "A defendant also has a Sixth Amendment right to speedy trial, as well as statutory protection provided by the Speedy Trial Act[.]" *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002). The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences. *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021). Assessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes consideration of the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Sprouts*, 282 F.3d at 1042.

---

[3] The speedy trial clock was also stopped once the government filed its motion on August 22, 2025 until the Magistrate Judge ruled on the motion on August 25, 2025. *See* § 3161(h)(1)(D).

[4] On September 10, 2025, the defendant's counsel filed a motion for a hearing, again stopping the speedy trial clock. (Filing No. 40). The motion indicated that the defendant wanted to proceed pro se. The Magistrate Judge held a hearing on the motion, granted it, and at the defendant's request, re-set the pretrial motion deadline. The Magistrate Judge properly excluded from any computation of time under the Speedy Trial Act from September 10, 2025, through the new pretrial motion deadline of October 8, 2025. The defendant filed his Motion to Dismiss on October 2. Therefore, the speedy trial clock has been tolled since September 10, 2025. The defendant has not objected to the exclusion of this time from any computation of time under the Speedy Trial Act.

Here, the Magistrate Judge weighed each of those factors and determined that there was no Sixth Amendment violation. (Filing No. 54 at 8). In his objection, the defendant says that this case is "approaching the one-year presumptive deadline" because 115 days elapsed from the date he was indicted to the date he filed his motion to dismiss. (Filing No. 55 at 6); *see United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) ("[A] delay approaching a year may meet the threshold for presumptively prejudicial delay . . ."). But to say 115 days is "approaching" one year is too far of a stretch. There has not been a presumptively prejudicial delay here.

The defendant also claims the Magistrate Judge "ignored the 'prejudice' factor," suggesting that the continuances "forced" him to proceed pro se and denied him a timely trial. (Filing No. 55 at 6). That misses the mark twice over. First, prejudice to the defendant need not even enter the picture unless the length of the delay was presumptively prejudicial, and it was not here. *See United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014). Second, were it to fully reach the issue here, the Court would assess prejudice to the defendant in light of three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Johnson,* 990 F.3d at 671. The defendant has not suggested that the delay here implicated any of those interests. What is more, the defendant bears the responsibility for his pro se status and cancelation of the October 27 trial. (Filing No. 45; Filing No. 47). There was therefore no violation of the defendant's Sixth Amendment right to a speedy trial, either. *See Titlbach,* 339 F.3d at 699 ("It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not."). Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's Findings and Recommendation (Filing No. 54) is adopted.
2. The defendant's objection to the Findings and Recommendation. (Filing No. 55) is overruled.
3. The defendant's Motion to Dismiss Due to Speedy Trial Violation (Filing No. 52) is denied.

4. This matter will be set for trial by separate order.

Dated this 12th day of December, 2025.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge
