IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEVI MCALEVY,<br><br>Defendant. | **4:25CR3056**<br><br><br>**ORDER** |

A hearing was held on February 24, 2026 regarding Standby Counsel's Motion for Clarification Regarding Duties of Standby Counsel (Filing No. 101) and Defendant's letter to the Court (Filing No. 100). Several additional matters were discussed. Having heard and considered the issues raised, and for the reasons stated on the record,

**IT IS ORDERED** as follows:

1.    The Saline County Jail is directed to provide Defendant with legal pads[1] and something to write with so Defendant can prepare his defense and prepare for trial in this case.

2.    The United States Marshals shall transport Defendant to the Robert V. Denney Federal Courthouse, 100 Centennial Mall N, Lincoln, NE, so Defendant can review audio and video evidence. The Marshals shall transport Defendant to the Courthouse once this week (week of February 23-February 27), and twice the week

---

[1] Standby counsel sent or dropped off several legal pads for Defendant. Per Defendant, the legal pads are in his property and Saline County will not give them to him to use. Saline County can either give Defendant the legal pads that standby counsel provided or provide its own legal pads to Defendant.

of March 2, 2026.  If Defendant needs to further review the audio and video evidence, he shall notify the Court of how much more time he needs to do so.

3.  Defendant's Motion for Clarification Regarding the Duties of Standby Counsel (Filing No. 101) is granted.  The duties of standby counsel were explained to Defendant and stated on the record during the hearing on February 24, 2026.  The Court will also state that the primary role of standby counsel is to assist Defendant in procedural matters, with which he may not be familiar, and to facilitate a speedy and efficient trial by avoiding delays due to Defendant being *pro se*.  Standby counsel should also be ready to explain and enforce basic rules of courtroom protocol or to assist Defendant in overcoming routine obstacles during the trial.  Standby counsel should also be available to represent Defendant in the event that termination of Defendant's self-representation is necessary.  Standby counsel is not obligated to act as Defendant's co-counsel, junior associate, paralegal, or law clerk.

4.  Defendant's oral motion to reopen pretrial deadlines so he can file a motion for a *Franks* hearing is denied for the reasons stated on the record.

5.  Defendant's oral motion to file a motion to dismiss the indictment out of time is denied for the reasons stated on the record.

6.  Defendant's oral motion requesting a transcript of all grand jury testimony regarding his case is denied.  However, the Government shall provide Defendant the transcript of grand jury testimony of all individuals who testified in front of the grand jury and will also testify at trial.  The Government shall provide the grand jury transcripts to Defendant, who must have them in his hands, at least 10 days prior to trial.

7.  Defendant's oral motion to respond out of time to the Government's Motion in Limine (Filing No. 88) and Notice of Intent to Introduce 404(b) evidence (and corresponding brief) (Filing No. 82; Filing No. 83) is granted.  Defendant shall respond to the motion and Notice (and corresponding brief) by March 16, 2026.

8.  The Clerk of Court is directed to provide a copy of this Order to the United States Marshal who shall deliver it to the Saline County Jail and make sure the Jail complies with this Order.

2

9.      Trial of this case will proceed on April 6, 2026 as presently scheduled.

Dated this 24th day of February, 2026.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge